ETHRIDGE, Chief Justice:
This case involves the right of an arres-tee indicted for burglary to possession of money found on his person at the time of arrest. The Circuit Court of Pontotoc County held that certain of the monies were adequately identified as proceeds of the burglary and should be retained by the state pending trial on the merits; but that other monies which were in Simmons’ possession should be returned to him, since they were not identified as connected with the offense and did not constitute evidence indicating commission of the crime. We hold that the circuit court was not manifestly wrong in so deciding, and thus affirm the judgment.
Appellee Charles Edward Simmons was arrested on May 18, 1968, on the outskirts of Pontotoc, Mississippi, for public drunkenness. He was driving a late model pickup truck and subsequently pleaded guilty in a United States District Court to interstate transportation of this stolen vehicle. Certain tools, such as crow bars, sledge hammers, and axes were found in the rear of the truck. When law enforcement officers took Simmons to jail, they searched him and found $1,036 in cash on his person. It was in denominations of $100, $20, $10, $5 and $1 bills. An additional $100 bill was obtained which appellee had earlier given to a local merchant for a car payment.
On the night of May 15-16, 1968, there was a burglary of a safe at Ward Feed Company at Olive Branch, Mississippi, in which approximately $3,250 had been taken. Among the money stolen was a certain amount of new $20 bills. The serial numbers of these $20 bills were within the series of serial numbers which had been sent to the Olive Branch Bank from a *667 Memphis bank several days before, and some of which the Olive Branch Bank had transmitted to Ward Feed Company.
Simmons testified that he had been in Memphis for two weeks in several poker games, and that he had obtained possession of this money which was found on his person from his winnings at the poker games. Participants in the game, he said, were former convicts, and money changed hands freely during the gambling. The bills other than the $20 bills, which appeared to be new, had all been used and were somewhat older money than the $20 bills. None of their serial numbers were linked to any of the money stolen from Ward Feed Company.
Originally the circuit court entered an order commanding the sheriff to retain possession of all this currency pending Simmons’ trial for the burglary of Ward Feed Company. Simmons moved to vacate this order, asserting that it was vague and indefinite in description of the currency sought to be retained as evidence, that it deprived him of his property without due process of law, and denied him the right to employ counsel. After a hearing on that motion, the circuit court amended its prior order and directed the sheriff to retain all U.S. currency in $20 bills (32 in number), and to transfer to Simmons all other U.S. currency in his possession, which had been obtained from Simmons upon his arrest. The state has appealed with supersedeas.
The evidence justified the circuit court, with its discretionary powers, in its disposition of the monies in question. The new $20 bills were identified and the evidence tended to show that they were the property of the Ward Feed Company and not of Simmons, and that they were part of the proceeds of the burglary. On the other hand, there is no evidence with reference to the other currency, in denominations of $100, $10, $5 and $1, to indicate or tend to show that they were the product of the commission of the crime for which Simmons had been indicted.
An officer arresting a person may take from him and hold in custody money which the person unlawfully possesses, or which the officer in good faith believes to be connected with the offense charged. It is subject to the order.of the court pending trial. 6 C.J.S. Arrest § 18 p. 620 (1937). However, where there is no evidence that the money taken from an arrestee is a product of a crime, or is in some way connected with an offense and may be used as evidence, it should be returned to him. Ibid, at 625-626; 5 Am.Jur.2d Arrest § 73 (1962); 6 C.J.S. Arrest § 18 (1937); Annot., 32 A.L.R. 680, 691-697 (1924) ; see also Cody v. State, 167 Miss. 150, 148 So. 627 (1933); Patton v. State, 201 Miss. 410, 421, 29 So.2d 96 (1947), rev’d on other grounds, 332 U.S. 463, 68 S.Ct. 184, 92 L. Ed. 76 (1947).
In the instant case we are unable to say that the circuit court was manifestly wrong or that it abused its discretion in entering the order in question.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.